E-FILED
Tuesday, 14 February, 2012 03:26:23 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-CR-20094 |
| ) | |
| CORNELIUS C. MITCHELL, ) | |
| ) | |
| Defendant. ) | |

## OPINION

On September 27, 2011, Defendant, Cornelius C. Mitchell, filed a Motion to Suppress Traffic Stop and the Fruits Thereof (#28). On October 20, 2011, the government filed its Response (#29). The Defendant's Motion moved to suppress an alleged confession as the fruits of an illegal traffic stop. On November 22, 2011, this Court held an evidentiary hearing on the matter. On December 30, 2011, the Defendant filed a Memorandum in Support of Motion to Suppress Traffic Stop and the Fruits Thereof (#31), and the government filed its Response (#32) on January 27, 2012. Following a thorough and careful review, Defendant's Motion to Suppress Traffic Stop and the Fruits Thereof (#28) is DENIED.

## BACKGROUND

An evidentiary hearing was held on November 22, 2011. At the hearing, the government presented the testimony of narcotics officer Jason Yandell (Yandell). This court found Yandell's testimony about the following events to be credible. Yandell testified that sometime in September of 2010, a confidential informant, who had previously provided him accurate information about a local cannabis dealer, requested a meeting claiming that he bought small

amounts of crack cocaine from the Defendant and believed that the Defendant was involved in a larger drug distribution network.  In their meeting, the confidential informant described the Defendant physically, identified the Defendant and his girlfriend's residences, and described the color and model of the Defendant's car.  The confidential informant also provided the police with the telephone number the Defendant used to contact him.  After the meeting, Yandell verified the information the confidential informant relayed to him.  In particular, Yandell was able to successfully connect a tan Chevrolet to the Defendant and confirm that, at one time, the Defendant resided in one of the residences the confidential informant listed.

After corroborating various aspects of the confidential informant's story, Yandell decided to have the confidential informant make a controlled purchase from the Defendant.  On September 27, 2010, the confidential informant, in the presence of Yandell and Officer Henson, placed a phone call to the Defendant requesting to purchase $100 worth of crack cocaine.  The confidential informant and the Defendant agreed to meet in the Walgreens' parking lot to conduct the exchange.  Before proceeding to the exchange, Yandell searched the confidential informant's car for contraband and gave him the $100 in prerecorded bills.

Yandell and Officer Henson followed the confidential informant and settled into a parking lot directly north of the confidential informant.  Yandell saw the confidential informant proceed through the Walgreens parking lot to an adjacent Rent-A-Center parking lot.  The confidential informant entered the Rent-A-Center and exited with a person whom Yandell identified as the Defendant.  The Defendant then re-entered the store.

The confidential informant subsequently returned to his car and called Yandell.  He told Yandell that the Defendant told him his girlfriend was going to come out of the store and directed him to follow her.  Shortly after that conversation, Yandell saw a black female leave the

store and enter a white Cadillac.  The informant followed the white Cadillac.  Eventually the white Cadillac pulled over.  Yandell witnessed the woman exit the car with a shopping bag and enter the passenger side of the confidential informant's car.  The woman then exited the car, and the confidential informant drove off to meet Yandell at a predetermined location.  The confidential informant handed two bags of crack cocaine over to Yandell.

In the meantime, a different surveillance unit followed the white Cadillac.  They witnessed the white Cadillac return to Rent-A-Center to pick up the Defendant.  The white Cadillac then proceeded to 1806 Cottage Grove and parked next to a tan Chevy Malibu, which was registered to the Defendant.  Defendant was not arrested following these controlled buys.  Yandell testified that they delayed the arrest because they were hoping to make a series of buys that would make a conviction more certain.

Based on the information obtained from the controlled buy, Yandell received a state issued search warrant for 1806 Cottage Grove.  On November 4, 2010, Yandell exercised that search warrant.  During surveillance prior to exercising the search warrant, Yandell saw the Defendant enter the Chevy Malibu and drive off.  Yandell ordered the Urbana police to conduct a traffic stop of the Defendant.  Yandell then placed the Defendant under arrest.

## ANALYSIS

In his Motion (#28) and supporting memorandum (#31) the Defendant argues that Yandell lacked probable cause to stop the Defendant and place him under arrest.  The Fourth Amendment protects citizens against unreasonable arrests.  United States v. Funches, 327 F.3d 582, 586 (7th Cir. 2003).  For a warrantless arrest to be reasonable, law enforcement agents must have probable cause for the arrest.  Id. (citing Beck v. Ohio, 379 U.S. 89, 91 (1964)).  Probable cause for an arrest exists when, under the totality of the circumstances, it is reasonable to believe

that a particular individual has committed a crime. United States v. Oliva, 385 F.3d 1111, 1114 (7th Cir. 2004). The existence of probable cause turns on the trustworthy information known to the officers at the moment the arrest is made. Gower v. Vercler, 377 F.3d 661, 668 (7th Cir. 2004). "An informant's tip, if reliable, is considered trustworthy information." Oliva, F.3d at 1114. According to the Seventh Circuit, a district court is required to evaluate the reliability of an informant's tip based on four factors: whether the informant (1) possessed first-hand knowledge; (2) provided sufficient details to the law enforcement; (3) relayed information that was later corroborated; and (4) testified at a probable cause hearing. United States v. Cruz-Rea, 626 F.3d 929, 939 (7th Cir. 2010). No single factor is dispositive, and a deficiency in one factor can be overcome by a strong showing in another or another separate indicia of reliability. Id.

Based upon the facts presented at the evidentiary hearing, this court agrees with the government that the evidence presented was sufficient to show that Yandell had probable cause to arrest Defendant. In this case, the confidential informant possessed first-hand knowledge of the Defendant's drug dealing activities because the confidential informant purchased small amounts of cocaine from the Defendant. See United States v. Mitten, 562 F.3d 767, 774 (7th Cir. 2010) (quoting United States v. Harris, 403 U.S. 573, 583 (1971) ("Admissions of crime… carry their own indicia of credibility…")). Further, the confidential informant provided Yandell with sufficient details to enable Yandell to identify the Defendant and corroborate the confidential informant's story. For instance, the confidential informant identified one of the Defendant's prior residences, identified the Defendant's girlfriend's residence, described the color and model of the Defendant's car, and provided Yandell with the Defendant's telephone number. Based on this information, Yandell linked a tan Chevrolet to the Defendant and verified that the Defendant, at one time, lived in one of the residences the confidential informant claimed

he lived in.  Lastly, and most importantly, Yandell corroborated the informant's story by using the informant to conduct a controlled buy.  The confidential informant described the Defendant physically to the police and, before conducting the controlled buy, the confidential informant identified the Defendant from the Defendant's driver's license photograph.  Yandell witnessed the Defendant enter and exit Rent-A-Center with the informant.  The informant then called Yandell, identified the Defendant as the drug dealer and told Yandell that the Defendant's girlfriend would be conducting the delivery of cocaine.  Yandell subsequently verified each piece of the informant's information by watching it happen.  Yandell saw a black female exit the store, enter a white Cadillac, and witnessed the Defendant follow the white Cadillac.  Yandell also witnessed the drug transaction.  He saw the black female enter the informant's car and hand the informant a shopping bag.  After the transaction, the informant turned the shopping bag over to Yandell.  Yandell found that the shopping bag contained two bags of suspected crack cocaine.  Therefore, at this time, a reasonable officer could conclude that there was probable cause to believe that the Defendant was involved in the drug transaction.

The Defendant, however, argues that the probable cause for the Defendant's arrest dissipated during the one month delay between the controlled buy and the Defendant's arrest on November 4, 2010.[1]  The Court does not find this argument persuasive.  There is no requirement that "an offender be arrested the moment probable cause is established."  United States v. Reis, 906 F.3d 284, 289 (7th Cir. 1990).  In this case, Defendant's arrest was delayed to allow the police to further investigate, which does not have the effect of dissipating probable cause.  See, e.g., United States v. Winchenbach, 197 F.3d 548, 554 ("[W]hen probable cause exists, the

---

[1] Defendant was unable to cite any case law which supports his argument that the passage of time between a situation giving rise to probable cause and an arrest has any affect on the probable cause analysis.

timing of an arrest is a matter that the Constitution almost invariably leaves to police discretion."). Further, there is no indication that the probable cause grew stale during the one month delay. Although the Defendant argues that Yandell's inability to contact the confidential informant after the controlled buy rendered the probable cause stale, the fact that Yandell had trouble contacting the confidential informant in no way discredits the criminal activities the confidential informant reported to Yandell or the criminal activities Yandell witnessed first-hand. See Russell v. Devereaux, 389 Fed. Appx. 557, 560 (7th Cir. 2010) (quoting United States v. Bizier, 111 F.3d 214, 219 (1st Cir. 1997) ("[P]robable cause to make an arrest grows 'stale only if it emerges that it was based on since discredited information'")).

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion to Suppress (#28) is DENIED.

(2) This case remains scheduled for a status conference on February 21, 2012, at 3:45 p.m.

ENTERED this 14th day of February, 2012

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE